IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DAVID PERDUE, and<br>PERDUE FOR GOVERNOR, INC.,<br><br>*Plaintiffs*,<br><br>v.<br><br>BRIAN KEMP, in his official capacity as Governor of Georgia, *et al.*,<br><br>*Defendants*. | CIVIL ACTION NO.<br>1:22-CV-53-MHC |

## MOTION FOR RENEWED BRIEFING AND HEARING AND INCORPORATED MEMORANDUM OF LAW

Defendant Georgians First Leadership Committee, Inc. ("Georgians First") hereby moves for renewed briefing and a hearing on Plaintiff's pending Motion for Preliminary Injunction. In support of its motion, Georgians First states as follows:

### BACKGROUND

Plaintiffs filed their initial complaint on January 6, 2022 against Defendants Brian Kemp, *in his official capacity* as Governor of Georgia, Christopher M. Carr,

in his official capacity as the Attorney General of Georgia, and the members of the Georgia Government Transparency and Campaign Finance Commission (collectively, the "State Defendants"). Plaintiffs' initial complaint did not name Georgians First as a defendant. [Doc. 1].

That same day, Plaintiffs filed a motion for preliminary injunction. [Doc. 2]. Plaintiffs' motion was directed towards the State Defendants and sought an order directing State Defendants to take particular action against Georgians First. [Docs. 2, 2-1]. Moreover, neither the motion nor the requested relief were directed at Governor Kemp in his personal capacity. *See id.* As a non-party, Georgians First did not directly participate in the briefing related to Plaintiffs' motion, although Georgians First did file an *amicus* brief.

On January 31, 2022, the Court held a hearing on Plaintiffs' motion. At the hearing, State Defendants were represented by the Georgia Attorney General's Office, and both parties to the case had forty-five minutes to present their arguments. As a non-party, Georgians First did not have the opportunity to present its arguments at the hearing. Likewise, Governor Kemp did not have any opportunity for counsel representing him in his personal capacity to present arguments—until Plaintiffs filed their Amended Complaint, there was never any indication that Plaintiffs contemplated relief against Governor Kemp personally.

At the hearing, the Court stated clearly that it did not believe it could provide the relief Plaintiffs were seeking by enjoining the State Defendants. Accordingly, the Court provided Plaintiffs until close of business on Tuesday, February 1, 2022 to file an Amended Complaint adding Georgians First as a party. The Court also gave the State Defendants until close of business on Thursday, February 3, 2022 to file a supplement to Plaintiff's motion, and Plaintiffs until noon on Friday, February 4, 2022 to file a supplemental reply. *See* [Doc. 46] ("the Defendants shall have until the close of business on Thursday, February 3, 2022, to file a supplement to their Response in Opposition to Plaintiffs' Motion for a Preliminary Injunction.") Georgians First was not a defendant to the case when the Court entered its order.

On February 1, 2022, Plaintiffs filed an Amended Complaint which for the first time named Georgians First and, unexpectedly, Governor Kemp in his personal capacity as Defendants. [Doc. 47]. Plaintiffs' Amended Complaint seeks injunctive relief that is fundamentally different from the relief they sought in their initial Complaint, the relief they sought in their motion, and the relief they indicated to the Court that they planned to seek in their newly Amended Complaint. *See* [Doc. 48 at 30-33]. Moreover, Plaintiffs specifically did not file a renewed motion for preliminary injunction with the Amended Complaint. *See* [Doc. 48 at 6].

Georgians First's counsel agreed to accept service of the Amended Complaint on February 2, 2022. To Georgians First's knowledge, Governor Kemp has not yet been served in his personal capacity, and presumably, decisions will need to be made regarding Governor Kemp's representation in his personal capacity.

**ARGUMENT**

Under the Federal Rules of Civil Procedure, "[n]o preliminary injunction shall be issued without notice to the adverse party." Fed. R. Civ. P. 65(a)(1); *see also Four Seasons Hotels And Resorts, B.V. v. Consorcio Barr, S.A.*, 320 F.3d 1205, 1210 (11th Cir. 2003) ("In order for a preliminary injunction to issue, the nonmoving party must have notice and an opportunity to present its opposition to the injunction.").

Rule 65's notice requirement implies sufficient time to marshal facts and legal arguments to respond to an opponent's claims. Failing to provide the defending party sufficient time to respond constitutes abuse of discretion. *See, e.g.*, *Four Seasons*, 320 F.3d at 1211–12 (concluding that two days' notice was insufficient).

The Supreme Court has also stated that Rule 65's notice requirement "implies *a hearing* in which the defendant is given a fair opportunity to oppose the application and to prepare for such opposition." *Granny Goose Foods, Inc. v. Teamsters*, 415 U.S. 423, 434 n. 7 (1974) (emphasis added). "It goes without saying that the

requirements of a fair hearing include notice of the claims of the opposing party and an opportunity to meet them." *FTC v. National Lead Co.*, 352 U.S. 419, 427 (1957).

Here, Georgians First has not had a meaningful opportunity to respond to Plaintiffs' request for injunctive relief, as currently constituted. Georgians First did not have an opportunity to present its position at the previous hearing because it was not a party to the lawsuit at that time. And although it filed an *amicus* brief supporting the State Defendants' positions, Plaintiffs' Amended Complaint seeks completely new injunctive relief which Georgians First has never had the opportunity to oppose. There are numerous facts which may bear on the propriety (or lack thereof) of the Plaintiffs' novel requests for relief. But Georgians First has not had sufficient time to marshal those facts or to argue the application of those facts before the Court.

Indeed, it is not even clear whether the novel injunctive relief Plaintiffs seek in the Amended Complaint is properly before the Court. The Court's standing order states clearly that "[a]ny request … for a preliminary injunction must be made by separate motion. A request for … preliminary injunction **found only in the complaint will not be considered by the Court**." Standing Order ¶ II.L. Thus, under the Court's standing order, the only operative request currently before the Court is Plaintiffs' original request for relief to which Georgians First was not a party.

In light of these due process concerns and procedural problems, Georgians First respectfully requests that the Court order a new briefing schedule to be followed by a hearing at which Georgians First may have the opportunity to present its positions to the Court. Georgians First is certainly aware of the Court's desire to move this case along. Thus, Georgians First proposes the following expedited briefing schedule:

| Event | Deadline |
| --- | --- |
| Plaintiff's Motion for Preliminary Injunction directed at new parties | Monday, February 7, 2022 |
| Defendants' Response | Wednesday, February 9, 2022 |
| Plaintiffs' Reply | Friday, February 11, 2022 |
| Hearing | The week of February 14, 2022 (or at the Court's convenience) |

Georgians First proposed discussing a renewed briefing schedule with Plaintiffs, who rejected it out of hand. A copy of Plaintiffs' Counsel's response is attached as Exhibit A.

## CONCLUSION

For the reasons stated above, Georgians First respectfully requests that the Court order Plaintiffs to file a renewed Motion for Preliminary Injunction directed at the new Defendants, institute a new expedited briefing schedule, and hold a

– 6 –

hearing on Plaintiffs' motion in order to allow Georgians First a meaningful opportunity to be heard.

Georgians First also believes that a brief status conference with the Court and the parties to discuss scheduling regarding Plaintiff's request for injunctive relief would be helpful given the procedural posture in this case. Georgians First is ready and willing to meet at the Court's convenience.

Respectfully submitted this 3rd day of February, 2022.

>  */s/ Vincent F. Russo*
>  Vincent F. Russo (GA Bar 242628)
>  Edward A. Bedard (GA Bar 926148)
>  Carey A. Miller (GA Bar 976240)
>  ROBBINS ALLOY BELINFANTE
>    LITTLEFIELD LLC
>  500 14th Street, N.W.
>  Atlanta, Georgia 30318
>  T: (678) 701-9381
>  F: (404) 856-3255
>  E: vrusso@robbinsfirm.com
>    ebedard@robbinsfirm.com
>    cmiller@robbinsfirm.com
>
>  *Counsel for Georgians First Leadership Committee, Inc.*

## CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1D, I hereby certify that this motion has been prepared in Times New Roman, 14-point font, one of the font and point selections approved by this Court in Local Rule 5.1C.

This 3rd day of February, 2022.

                                             */s/ Vincent F. Russo*
                                             Vincent F. Russo (GA Bar 242628)

                                             ROBBINS ALLOY BELINFANTE
                                                   LITTLEFIELD LLC
                                             500 14th Street, N.W.
                                             Atlanta, Georgia 30318
                                             T:  (678) 701-9381
                                             F:  (404) 856-3255
                                             E:  vrusso@robbinsfirm.com

                                             *Counsel for Georgians First Leadership Committee, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that, on this day, I caused a true and correct copy of the foregoing document to be filed with the clerk's office using this Court's CM/ECF system, which will automatically send notice of such filing to all counsel of record.

This 3rd day of February, 2022.

/s/ *Vincent F. Russo*
Vincent F. Russo (GA Bar 242628)

ROBBINS ALLOY BELINFANTE
    LITTLEFIELD LLC
500 14th Street, N.W.
Atlanta, Georgia 30318
T: (678) 701-9381
F: (404) 856-3255
E: vrusso@robbinsfirm.com

*Counsel for Georgians First Leadership Committee, Inc.*