# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **David Perdue; and Perdue for Governor, Inc.,** <br><br> **Plaintiffs,** <br><br> v. <br><br> **Brian Kemp, in his personal capacity and in his official capacity as the Governor of Georgia; Christopher M. Carr, in his official capacity as the Attorney General of Georgia; James D. Kreyenbuhl, in his official capacity as Chairman of the Georgia Government Transparency and Campaign Finance Commission; Eric L. Barnum, in his official capacity as Vice Chair of the Georgia Government Transparency and Campaign Finance Commission; Robert A. Watts, in his official capacity as a Member of the Georgia Government Transparency and Campaign Finance Commission; Darryl Hicks, in his official capacity as a Member of the Georgia Government Transparency and Campaign Finance Commission; Rick Thompson, in his official capacity as a Member of the Georgia Government Transparency and Campaign Finance Commission; and Georgians First Leadership Committee, Inc.,** <br><br> **Defendants.** | Case No. 1:22-cv-00053-MHC |

**RESPONSE TO DEFENDANTS' SUPPLEMENTAL BRIEF**

Through their Supplemental Brief, Defendants seek to prolong the period under which they may continue to benefit from the unequal and unconstitutional contribution limits established by Georgia's new campaign-finance law. After insisting on January 31st that they needed new briefing to contest Plaintiffs' undisputed right to amend their pleading and then, on February 3rd, requesting additional time to file that brief, Defendants filed a Supplemental Brief that, in large part, reiterates the same views they expressed in their opposition two weeks ago.

Meanwhile, on February 4th, Georgians First Leadership Committee ("Georgians First") released a new television advertisement attacking Senator Perdue. That release—made possible by Georgians First's having requested and obtained an opportunity to submit yet another brief on February 7th—again shows that Governor Kemp and Georgians First are seeking delay to take advantage of Georgia's unconstitutional scheme for as long as possible.

Nothing in the Supplemental Brief changes the conclusion that the new law violates Senator Perdue's rights under the First Amendment, particularly in light of the Supreme Court's and the Eleventh Circuit's recognition that campaign-finance laws which apply "different contribution . . . limits on candidates vying for the same seat" are "antithetical to the First Amendment." *Davis v. FEC*, 554 U.S. 724, 743–

44 (2008); *see Scott v. Roberts*, 612 F.3d 1279, 1296 (11th Cir. 2010) ("the [*Davis*] decision 'calls all [asymmetrical] provisions in public financing systems into question.'" (second brackets in original)).

Plaintiffs respectfully submit that the Court should enter immediate injunctive relief.[1]

## BACKGROUND

Senator Perdue's[2] original complaint and original motion for preliminary injunction sought relief against state officials including Governor Kemp and, through Governor Kemp, the Georgians First Leadership Committee because Georgia Senate Bill 221, now codified at O.C.G.A. § 21-5-34.2 (the "Amendment"), effectively exempts Governor Kemp from the campaign contribution limits that are otherwise imposed on Senator Perdue. Although Defendants concede that the Amendment establishes unequal campaign contribution limits and that First Amendment injuries are irreparable, they continue to try and delay relief by

---

[1] During the January 31, 2022 hearing, the Court instructed Plaintiffs to file a response to Defendants' requested supplemental brief by noon today. Although the Court's Minute Order does not mention it, ECF No. 55, after Defendants during the February 3, 2022 teleconference requested additional time to file their supplemental brief, the Court stated that Plaintiffs could have until 5:00pm today to file this response.

[2] Consistent with prior filings, Plaintiffs use "Senator Perdue" to refer collectively to former United States Senator David Perdue and Perdue for Governor, Inc.

advancing arguments that have been squarely rejected by the Supreme Court in *Davis* and the Eleventh Circuit in *Scott*. *See* Pls.' Mot. (ECF No. 2); Pls.' Reply (ECF No. 39) Pls.' Am. Mot (ECH No. 54).

At the preliminary injunction hearing held on January 31, 2022, the Court acknowledged the First Amendment harms but questioned whether it could enter injunctive relief against Georgians First through Governor Kemp, appearing to suggest that the Amendment's designation of "the Governor" as chair of Georgians First might refer to Governor Kemp in his personal capacity as opposed to Governor Kemp in his official capacity. Plaintiffs continue to believe that the statute authorizes a gubernatorial leadership committee based upon Governor Kemp's official position as "the Governor," O.C.G.A. § 21-5-34.2 (a), (c), and, further, that Federal Rule of Civil Procedure 65 authorizes the Court to enjoin Georgians First through Governor Kemp as a party "identified with [him] in interest," *FTC v. Leshin*, 618 F.3d 1221, 1235 (11th Cir. 2010) (quoting Fed. R. Civ. P. 65). Notwithstanding that, Senator Perdue agreed to amend his complaint to address the Court's concerns.

Senator Perdue filed his Amended Complaint on Tuesday, February 1, 2022, adding Governor Kemp in his personal capacity and Georgians First as defendants.[3]

---

[3] Both counsel for Georgians First and counsel for Governor Kemp declined to accept service for claims against Governor Kemp in his personal capacity, asserting they were uncertain who represented the Governor in that capacity. Out of an

The Amended Complaint continues to seek declaratory and permanent injunctive relief because the Amendment is unconstitutional both on its face and as applied to gubernatorial elections, including this one. In addition, and in response to the Court's concerns expressed at the January 31 hearing, the Amended Complaint also spells out several less-sweeping alternatives designed to aid the Court in crafting a more narrowly tailored but still effective order at the preliminary injunction stage. Upon verbal order of the Court made at the February 3, 2022 telephonic conference, Senator Perdue also filed an Amended Motion for a Preliminary Injunction.

At the same February 3, 2022 telephonic conference, Georgians First sought additional delay—ostensibly to file another brief—and the Court granted Georgians First until 9:00 a.m. on February 7, 2022. Less than 18 hours later, on the morning of February 4, 2022, Governor Kemp and Georgians First released a new television advertisement attacking Senator Perdue and declaring that it was paid for by Georgians First. Ex. A (YouTube page showing Georgians First Leadership Committee advertisement posted on February 4, 2022). According to press reports, Georgians First told the media "it's spending in the low six figures to run the

---

abundance of caution, Senator Perdue caused additional summonses and copies of the Amended Complaint to be delivered to Governor Kemp's office (where service was declined by the Governor's staff), as well as by U.S. Mail to Governor Kemp's official residence and to both of Governor Kemp's personal residences.

commercial on statewide TV and on digital starting this weekend." Paul Steinhauser, *Georgia GOP gubernatorial clash: Kemp uses Trump's past words to target Perdue*, Fox News (Feb. 4, 2022), https://www.foxnews.com/politics/georgia-gop-gubernatorial-clash-kemp-trump-past-words-target-perdue; *see also* Greg Bluestein, *Kemp counters Perdue's pro-Trump message with more Trump*, Atlanta Journal-Constitution (Feb. 4, 2022), https://www.ajc.com/politics/politics-blog/kemp-counters-perdues-pro-trump-message-with-more-trump/4BRHOROHRJE5HJWQF4Y6XFRB34/. Georgians First is clearly attempting to use the extension granted by the Court to take advantage of the unconstitutional Amendment for as long as possible.

## ARGUMENT

I. **DEFENDANTS' DISAGREEMENTS ABOUT THE SCOPE OF APPROPRIATE RELIEF ARE WITHOUT MERIT.**

The Amended Complaint continues to seek declaratory and permanent injunctive relief because the Amendment is unconstitutional on its face and as applied to gubernatorial elections, including this one.

Defendants' arguments that the Court cannot enter a preliminary injunction because "[Senator] Perdue requests new forms of preliminary injunctive relief in his amended complaint" that supposedly are "unmanageable and excessive," Supp. Br. 3, 6, are without merit. Just like the Amended Complaint, the original Complaint

sought broad-based declaratory and injunctive relief consistent with the scope of the Amendment's constitutional violations. At the January 31 hearing, however, the Court indicated its view that any preliminary relief should be narrower. *But see FF Cosmetics FL, Inc. v. City of Miami Beach*, 866 F.3d 1290 (11th Cir. 2017) (affirming preliminary injunction granted on First Amendment facial overbreadth challenge). Accordingly, Senator Perdue's Amended Complaint preserves his original requests and also specifies several less-sweeping alternatives designed to aid the Court in crafting appropriate and effective preliminary relief. Defendants' misguided objection to that approach appears based on their having overlooked that the Amended Complaint will "remain[ ] in effect throughout the action," Wright & Miller, 11A *Federal Practice & Procedure* § 1476 (3d ed. supp. 2022), and thus governs the merits phase as well as preliminary proceedings.

In fact, Georgians First's abuse of the extension granted by the Court demonstrates the very reason why Senator Perdue added several more tailored options to his original prayer for relief. The Court expressed at the January 31 hearing reluctance to get in the middle of any pending contracts for television advertising. At the February 3 teleconference, the Court reiterated that any injunction might not apply to air time already purchased. On information and belief, Georgians First promptly went out and purchased more television placements,

bragging to the media that it planned to use these placements for advertisements attacking Senator Perdue. *See* Background, *supra*. However, because most purchases of campaign-related television advertisements are accomplished through reservations of air time that do not specify the content of the advertisement, Senator Perdue, in paragraph C of his amended prayer for relief, offered the Court a way to prevent the constitutional harm resulting from already purchased but not-yet-disseminated advertisements without the Court having to enjoin the performance of any contract. These suggestions were made to assist the Court in remedying the First Amendment violations committed by Governor Kemp and Georgians First pursuant to the unconstitutional Amendment in a manner consistent with the Court's comments on January 31.

## II. DEFENDANTS' INVOCATION OF THE *PURCELL* PRINCIPLE IS INAPPOSITE.

Defendants mistakenly claim (at 8–11) that the *Purcell* principle bars relief. As the Supreme Court has explained, "the *Purcell* principle" teaches "that lower federal courts should ordinarily not alter the election rules on the eve of an election." *RNC v. DNC*, 140 S. Ct. 1205, 1207 (2020) (per curiam); *see Purcell v. Gonzalez*, 549 U.S. 1 (2006) (per curiam).

The *Purcell* principle has no application in this case. This "is not a case in which preliminary relief would require the state to cancel or reschedule an election,

discard ballots already cast, or prepare new ballots or other election materials." *Scott*, 612 F.3d at 1296.  To the contrary, here, the election is months away, and there is no risk that requiring Defendants to comply with the First Amendment will "result in voter confusion and consequent incentive to remain away from the polls." *Purcell*, 549 U.S. at 4–5.  *Purcell* is inapposite, and Defendants' argument is without merit.

### III. DEFENDANTS' ATTEMPT TO REARGUE THE MERITS IS INAPPROPRIATE.

Defendants spend most of their Supplemental Brief (at 11–18) repeating the same flawed arguments from their Opposition to Plaintiffs' Motion for a Preliminary Injunction, filed two weeks ago.  The arguments have fared no better with time, and their inclusion in this filing is entirely inconsistent with Defendants' suggestion to the Court at the January 31 hearing that they needed new briefing so they could contest Plaintiffs' undisputed right to amend their pleading "as a matter of course." Fed. R. Civ. P. 15(a)(1).

Perhaps most startling is Defendants' discussion (at 15) of the Supreme Court's decision in *Davis*, after the Court expressly stated during the February 3 status conference that it did not want to hear anything further about the case. Incredibly, Defendants assert that "*Davis* was not focused on 'asymmetrical limits' on contributions."  That claim is flatly contradicted by the Supreme Court's

statement that "our decision in *Davis* [was] focused on the asymmetrical contribution limits." *Arizona Free Enter. Club's Freedom Club PAC v. Bennett*, 564 U.S. 721, 740 (2011); *see also Davis*, 554 U.S. at 738 ("In this appeal, we consider the constitutionality of federal election law provisions that, under certain circumstances, impose different campaign contribution limits on candidates competing for the same congressional seat."). At the risk of gilding the lily, *Davis* has been understood the same way by the courts of appeals, including the Eleventh Circuit. *See Scott*, 612 F.3d at 1296 ("the [*Davis*] decision 'calls all [asymmetrical] provisions in public financing systems into question.'" (second brackets in original)); *accord Riddle v. Hickenlooper*, 742 F.3d 922, 929 (10th Cir. 2014) ("Ultimately, the law failed because it imposed 'different contribution . . . limits on candidates vying for the same seat.'" (quoting *Davis*, 554 U.S. at 743–44)). Senator Perdue has repeatedly explained how the Amendment specifically burdens his First Amendment and other constitutional rights, Pls.' Mot. 8–22 (ECF No. 2); Pls.' Reply 5–13 (ECF No. 39); Pls.' Am. Mot. 9–22 (ECF No. 4), and Defendants' continued denial of these harms in the face of binding precedent is unavailing.

### IV.   GEORGIANS FIRST HAS NOT BEEN PREJUDICED.

At the February 3 telephonic conference, counsel for Governor Kemp and Georgians First asserted that the Court could not enter injunctive relief against

Georgians First unless Senator Perdue filed an amended motion for preliminary injunction including Georgians First in the caption and the Court permitted Georgians First to file an additional response brief.

Senator Perdue respectfully disagrees that any amended motion was necessary. Courts commonly treat a motion for preliminary relief as directed at an amended complaint when a plaintiff amends the complaint during the pendency of the motion, including when the amended complaint adds additional defendants. *See, e.g.*, *Vineyard Vines, LLC v. Outlet Tent Sales, LLC*, No. 3:19-CV-0036-TCB, 2019 WL 8277260, at *2 n.2 (N.D. Ga. Sept. 10, 2019) ("Because the Court will grant the motion to amend, the Court will address the preliminary injunction as though filed against all Defendants."); *Modtruss, Inc. v. Battlefrog, LLC*, No. 1:16-CV-1317-ELR, 2016 WL 8857304, at *1 (N.D. Ga. June 24, 2016) ("the Court will now consider Plaintiff's motion for TRO and preliminary injunction (Doc. No. 5) as it applies to Plaintiff's First Amended Complaint."); *Planned Parenthood S. A. v. Wilson*, 527 F. Supp. 3d 801, 808 (D.S.C. 2021) ("regarding Plaintiffs' motion for a preliminary injunction, the Court will treat that filing as directed at the amended complaint"). "Indeed, although it is preferable to file the complaint first, a preliminary injunction may be granted upon a motion made **before** a formal complaint is presented." Wright & Miller, 11A *Federal Practice & Procedure*

§ 2949 (3d ed. supp. 2022) (emphasis added). Nevertheless, as Senator Perdue has filed an Amended Motion consistent with the verbal order of the Court made at the February 3 telephonic conference, this contention is now moot.

Furthermore, Georgians First's suggestion at the telephonic conference that it lacked notice or meaningful opportunity to be heard is belied both by the fact that Governor Kemp controls Georgians First and further by the fact the Georgians First filed, on the Saturday before the Monday injunction hearing, what was effectively a sur-reply getting the last word before the hearing. Although that is already more than due process requires, *see, e.g.*, *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 302 (5th Cir. 1978) (explaining "actual notice" is sufficient to satisfy due process in preliminary injunction proceedings), the Court afforded Georgians First an additional opportunity to be heard during the February 3 telephonic conference, repeatedly asking counsel if there were any additional arguments Georgians First would like to raise. Despite counsel offering nothing beyond the brief he had already filed, the Court granted Georgians First until 9:00 a.m. on February 7 to file yet another brief. Taking full advantage of that, the following morning Governor Kemp and Georgians First released yet another advertisement attacking Senator Perdue paid for with unlimited contributions to Georgians First.

Plaintiffs respectfully submit that the Court should promptly put an end to this

violation of Senator Perdue's First Amendment rights.

## CONCLUSION

For the foregoing reasons, and those stated in the pending Motion and the pending Amended Motion, Plaintiffs submit that the Court should grant the Motion and Amended Motion and the relief requested in the Complaint.

Respectfully submitted,

February 4, 2022

WILEY REIN LLP
Michael E. Toner
(admitted *pro hac vice*)
Brandis L. Zehr
(admitted *pro hac vice*)
Stephen J. Obermeier
(admitted *pro hac vice*)
Jeremy J. Broggi
(admitted *pro hac vice*)
2050 M Street, NW
Washington, DC 20036
Phone: (202) 719-7000
Fax: (202) 719-7049

By:  /s/ Douglas Chalmers, Jr.
CHALMERS & ADAMS LLC
Douglas Chalmers, Jr. (GA Bar #118742)
Heather Wagner (GA Bar # 962353)
5805 State Bridge Road #G77
Johns Creek, GA 30097
Phone: (770) 630-5927
Fax: (866) 716-6089

*Counsel for Plaintiffs*

## **CERTIFICATE OF COMPLIANCE**

I hereby certify that the foregoing Plaintiffs' Response to Defendant's Supplemental Brief has been prepared in accordance with the font type and margin requirements of N.D. Ga. L.R. 5.1, using font type of Times New Roman and a point size of 14.

February 4, 2022

By: /s/ Douglas Chalmers, Jr.
CHALMERS & ADAMS LLC
Douglas Chalmers, Jr. (GA Bar #118742)
Heather Wagner (GA Bar # 962353)
5805 State Bridge Road #G77
Johns Creek, GA 30097
Phone: (770) 630-5927
Fax: (866) 716-6089

*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2022, I caused to be electronically filed the forgoing Plaintiffs' Response to Defendant's Supplemental Brief with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorneys of record:

H. Christopher Bartolomucci,
Annika M. Boone,
Brian Field,
Erik Scott Jaffe,
Loree Anne Paradise,
Gene C. Schaerr,
Edward Bedard,
Vincent Robert Russo, Jr.,
Jason Brett Torchinsky, and
Elizabeth Marie Wilson Vaughan

/s/ Douglas Chalmers, Jr.
Douglas Chalmers, Jr.
Georgia Bar No. 18742
Heather Wagner
Georgia Bar No. 96235
Attorneys for David Perdue and Perdue for Governor, Inc.

CHALMERS & ADAMS LLC
5805 State Bridge Road #G77
Johns Creek, GA 30097
Phone: (770) 630-5927
Fax: (866) 716-6089
Email:  dchalmers@chalmersadams.com

# **EXHIBIT A**

