**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

**IN RE:**

**CASES ASSIGNED TO
JUDGE MARK H. COHEN**

## STANDING ORDER REGARDING CIVIL LITIGATION

This case has been assigned to Judge Mark H. Cohen.  The purpose of this Order is to inform the parties and their counsel of the Court's policies, practices, and procedures.  It is issued to promote the just and efficient determination of the case.  This Order, in combination with this Court's Local Rules and the Federal Rules of Civil Procedure (and, if applicable, the rules and practices of the assigned magistrate judge[1]), shall govern this case.

---

[1] For all civil cases assigned to a Magistrate Judge of this District, that Magistrate Judge's rules and practices govern that case while so assigned.

I.     **Case Administration**

A.     **Contacting Chambers**

Lisa Enix, our Courtroom Deputy Clerk, is your principal point of contact on matters relating to this case.  Where possible, communication with Ms. Enix should be by e-mail (Lisa_Enix@gand.uscourts.gov) or alternatively, by telephone (404-215-1315).  Mailed, couriered, and hand-delivered communications should be addressed as follows:

> Ms. Lisa Enix
> Courtroom Deputy Clerk
> 1921 United States Courthouse
> 75 Ted Turner Drive, S.W.
> Atlanta, Georgia 30303-3309

If the parties are unable to reach Ms. Enix, they should call the chambers main line (404-215-1310) for assistance.  Neither the parties nor their counsel should discuss the merits of the case with Ms. Enix or any of the Court's law clerks.

B.     **Courtesy Copies of Documents**

Except for emergency motions filed pursuant to the Local Rules of the United States District Court for the Northern District of Georgia ("LR"), specifically LR 7.2B, NDGa, or motions for temporary restraining orders, the delivery of a hard copy of a document in addition to the electronically-filed copy is

discouraged, as the Court prefers to rely on its electronic access to court filings.

Courtesy copies of such emergency motions and motions for temporary restraining

orders should be hand-delivered to chambers in Room 1921 on the 19th floor of

the Richard B. Russell Building or to the Courtroom Deputy Clerk at the above-

provided address.  The Court may occasionally request a courtesy copy of

pleadings but, if they are needed, Ms. Enix will contact counsel.

### C.   <u>Attorneys</u>

#### 1.   <u>Local Counsel in Cases with Counsel Admitted *Pro Hac Vice*</u>

In the event that lead counsel has been admitted *pro hac vice*, local counsel

is required to be familiar with the case, and may be called upon to attend hearings

or participate in conferences on behalf of the lead counsel.

#### 2.   <u>Electronic Registration for All Counsel</u>

All counsel, including counsel admitted *pro hac vice*, must register and

participate in the Court's electronic filing system, the Case Management/Electronic

Case Filing ("CM/ECF").  <u>See</u> this Court's Standing Order No. 04-01, found in

Appendix H of the LR.

#### 3.   <u>Leaves of Absence</u>

Counsel are encouraged to review their calendars and submit as early as

possible any requests for leave of absence.  Leave requests shall comply with

LR 83.1E(3), NDGa.  It is unnecessary to mail a copy to Chambers.

### 4.     Withdrawal or Substitution of Counsel

It is counsel's responsibility to keep the Court informed of any change of its status.  Counsel should comply with LR 83.1, NDGa, when substituting or withdrawing as counsel.

Counsel who do not comply with this Local Rule will not be allowed to withdraw from the case until compliance is achieved.

### 5.     Corporate Representation

Corporate entities must be represented in court by an attorney. A corporate officer may not represent the corporation unless that officer is also licensed to practice law in the state of Georgia.  See LR 83.1, NDGa.  Failure to comply with this rule can result in dismissal of a corporation's complaint or default being entered against the corporation.

### 6.     Ex Parte Communications

Counsel are prohibited from engaging in *ex parte* communications with the Court or the Court's staff.  "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel.  This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel.  If counsel

seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel.  See Fed. R. Civ. P. 5; LR 5.1 and 5.2, NDGa; see also LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter.  A letter seeking such action ordinarily will not be treated as a motion. Counsel shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

### D.      *Pro Se* Litigants

Parties proceeding *pro se* (without an attorney) are **ADVISED** that they must comply with the Federal Rules of Civil Procedure ("FED. R. CIV. P."), as well as the Local Rules of the United States District Court for the Northern District of Georgia ("LR").  *Pro se* parties may obtain certain basic materials and hand-outs from the Office of the Clerk of Court located on the 22nd Floor of the United States Courthouse, 75 Ted Turner Drive, S.W., Atlanta, Georgia 30303.  Many documents are also available on the Court's website at www.gand.uscourts.gov. *Pro se* litigants may also utilize the law library located on the 23rd floor of the United States Courthouse at the above-provided address.

Counsel and *pro se* parties are prohibited from engaging in *ex parte* communications with the Court or the Court's staff.  "*Ex parte* communications" mean any form of contact with the Court outside the presence of the opposing party or opposing party's counsel.  This includes, but is not limited to, telephone calls, written correspondence, or in-person contact, by one party or party's counsel. If counsel or a *pro se* litigant seeks court action, the appropriate procedure is to put the request in writing, in the form of a motion, file the motion with the Clerk's office, and serve the opposing party or party's counsel.  See FED. R. CIV. P. 5; LR 5.1 and 5.2, NDGa; see also LR 7.4, NDGa. ("Communications to judges seeking a ruling or order, including an extension of time, shall be by motion and not by letter.  A letter seeking such action ordinarily will not be treated as a motion. Counsel [and *pro se* litigants] shall not provide the Court with copies of correspondence among themselves relating to matters in dispute.").

A *pro se* plaintiff is **REQUIRED** to provide the Clerk with an original of any further pleadings or other papers filed with the Court after the complaint and is further **REQUIRED** to **SERVE** upon the defendant(s) or counsel for the defendant(s), by mail or by hand delivery under Rule 5 of the Federal Rules of Civil Procedure, a copy of every additional pleading or other paper described in Rule 5 of the Federal Rules of Civil Procedure.  Once counsel for a defendant has

appeared in the case, it is not necessary to serve the defendant individually; service on counsel is sufficient.

Each pleading or paper described in Rule 5, including pleadings, papers related to discovery required to be served, motions, notices, and similar papers, shall include a certificate stating the date on which an accurate copy of that pleading or document was mailed or hand-delivered to the defendant(s) or their counsel. This Court shall disregard any papers submitted which have not been properly filed with the Clerk, or which do not include a certificate of service. *Pro se* parties are also **ADVISED** that, under LR 7, NDGa ("PLEADINGS ALLOWED: FORM OF MOTIONS"), if the deadline for a response to a motion passes without a response being filed, the motion is deemed unopposed. See LR 7.1B, NDGa. Furthermore, under LR 56.1, NDGa, the failure by a respondent to a motion for summary judgment to contest the movant's statement of material facts will be taken as an admission of those facts not objected to in respondent's statement.

*Pro se* parties are further **REQUIRED** to keep the Court advised of their current address and telephone number where they can be reached at all times during the pendency of the lawsuit. LR 83.1D (3), NDGa., provides that counsel and parties appearing *pro se* have, in all cases, a duty to notify the Clerk's Office

7

by letter of any change in address and/or telephone number.  Per this rule, "[a]

failure to keep the clerk's office so informed which causes a delay or otherwise

adversely affects the management of a civil case shall constitute grounds for

dismissal without prejudice or entry of a judgment by default."

## II.   <u>Case Management</u>

### A.   <u>Extensions of Time</u>

The Court, with cooperation from counsel for the parties, is responsible for

processing cases toward prompt and just resolutions.  To that end, the Court seeks

to set reasonable but firm deadlines.  Motions for extension, whether opposed,

unopposed, or by consent, will not be granted as a matter of course.  Parties

seeking an extension should explain with specificity the unanticipated or

unforeseen circumstances necessitating the extension and should set forth a

timetable for the completion of the tasks for which the extension is sought.  Parties

should also indicate whether opposing counsel consents to the extension and, if so,

shall provide a proposed order.   <u>See also</u> Section II.M, *infra*.

### B.   <u>Legal Citations</u>

Legal citations should be in Bluebook Bluepages form (i.e., citations should

appear in the text of a brief immediately following the propositions they support,

not exclusively in footnotes or endnotes).

**C.**     **Labeling of Electronically-Filed Exhibits and Attachments**

The parties should make every effort to label all electronically uploaded

exhibits and attachments according to their content to assist the Court in making its

ruling. For example, documents should be uploaded as Ex. A: Smith Deposition,

Ex. B: Employment Contract, and Ex. C: Jones Letter, rather than simply labeling

them Ex. A, Ex. B, and Ex. C.

**D.**     **Electronic-Filing of Documents**

Where possible, each party shall file its documents in CM/ECF in a text-

searchable PDF format.

**E.**     **Conferences**

Scheduling, discovery, pre-trial, and settlement conferences promote

speedy, just, and efficient resolution of cases.  Therefore, the Court encourages the

parties to request a conference when counsel believes that a conference will be

helpful and counsel has specific goals and an agenda for the conference.

Conferences may be requested by contacting the Courtroom Deputy Clerk.

**F.**     **Early Planning Conference**

LR 16.1, NDGa., provides that, prior to filing a Joint Preliminary Report and

Discovery Plan, lead counsel for all parties are required to confer in an effort to

settle the case, discuss discovery, limit issues, and discuss other matters addressed

in the Joint Preliminary Report and Discovery Plan.  This Early Planning

Conference may be conducted by lead counsel by telephone.

### G.    Discovery

#### 1.    General Principles

Counsel and *pro se* litigants should be guided by courtesy, candor, and

common sense, and should conform to the Federal Rules of Civil Procedure, the

Local Rules, and applicable orders in conducting discovery.  In particular, counsel

and *pro se* litigants should have in mind the restrictions on the scope of discovery

stated in Federal Rule of Civil Procedure 26(b) and the good faith obligations

implicit in Rule 26(g).  Direct and informal communication between counsel is

encouraged to facilitate discovery and resolve disputes.

All discovery must be served early enough so that the responses thereto are

due on or before the last day of the discovery period.  Requests for extension of the

discovery period or deadlines within the discovery period must be made in

accordance with LR 26.2B, NDGa.  Motions must be filed prior to the expiration

of the existing discovery period.  The Court will not enforce the private agreements

between the parties and/or their counsel to conduct discovery beyond conclusion of

the discovery period.  The Court also will not compel responses to discovery

requests that were not served in time for responses to be made before the discovery period ended.

The Court does not allow evidence at trial which was requested and not revealed during the discovery period.

### 2.   **Boilerplate and General Objections**

Boilerplate objections in response to discovery requests are strictly prohibited. Parties should not carelessly invoke the usual litany of rote objections; i.e., attorney-client privilege, work-product immunity from discovery, overly broad/unduly burdensome, irrelevant, not reasonably calculated to lead to the discovery of admissible evidence.

Moreover, general objections are prohibited; i.e., a party shall not include in a response to a discovery request a "Preamble" or a "General Objections" section stating that the party objects to the discovery request "to the extent that" it violates some rule pertaining to discovery; e.g., the attorney-client privilege, work product immunity from discovery, the requirement that discovery requests be reasonably calculated to lead to the discovery of admissible evidence, and the prohibition against discovery requests that are vague, ambiguous, overly broad, or unduly burdensome. Instead, each individual discovery request must be met with every specific objection thereto, but only those objections that actually apply to that

particular request.  Otherwise, it is impossible for the Court or the party upon whom the discovery response is served to know exactly what objections have been asserted to each individual request.  All such general objections shall be disregarded by the Court.

Finally, a party who objects to a discovery request but then responds to the request must indicate whether the response is complete; i.e., whether additional information or documents would have been provided but for the objection(s).  For example, in response to an interrogatory, a party is not permitted to raise objections and then state, "Subject to these objections and without waiving them, the response is as follows . . . ." unless the party expressly indicates whether additional information would have been included in the response but for the objection(s).

### 3.   <u>Discovery Disputes</u>

Notwithstanding LR 37.1, NDGa., prior to filing any motion related to discovery, including but not limited to motions to compel discovery, to quash a subpoena, for a protective order, or for sanctions (with the exception of unopposed, consent, or joint motions to extend the discovery period), the movant, after conferring with the respondent in a good-faith effort to resolve the dispute by agreement, must contact Ms. Enix to notify her that there is a discovery dispute. Ms. Enix will then schedule a conference call in which the Court will attempt to

resolve the matter without the necessity of a formal motion, and a court reporter will be provided by the Court to take down the conference call.  The Court will request that each side submit a brief, one-page statement of the issues in advance of the conference call.

In addition, if any party has a dispute with a non-party (e.g., regarding a subpoena), the party and the non-party must follow these instructions, and the party must promptly inform the non-party of this discovery-dispute policy.  If the non-party requires the Court's involvement in resolving the dispute, it should not file a motion, but rather, should follow the procedure detailed in this subparagraph.

The Court usually is available by telephone to resolve objections and disputes that arise during depositions.  Counsel should not hesitate to call the Court (404-215-1310) if a bona fide dispute arises during a deposition that the parties cannot resolve despite a good-faith effort to do so.

**H.**     **Confidentiality Agreements, Protective Orders, and Motions to File Documents Under Seal**

Because documents filed in Court are presumptively public, this Court generally does not favor the filing of documents under seal.  However, the Court will agree to the sealing of documents that contain information protected from disclosure by statute, personal information (such as Social Security numbers), trade secrets, or sensitive security data.  See also Standing Order No. 04-02 (regarding

13

sensitive information and public access to case files).  It should be noted that even these exceptions to public filing usually do not require that entire documents or pleadings be filed under seal, but only those portions of a pleading or document for which protection is authorized.

If the parties find that a confidentiality agreement or protective order is necessary, the parties must follow the practice for filing and sealing documents as set forth in "Administrative Procedures for Filing, Signing, and Verifying Pleadings and Papers by Electronic Means," attached as Exhibit A to Standing Order 16-01, and included in Appendix H of this Court's Local Rules.  See also LR NDGa., App. H., Ex. A, Section II(J).   Any proposed agreement or protective order submitted for the Court's consideration must include the following language:

> Any documents (including briefs), tangible things or information designated as Confidential that are submitted to the Court in support of or in opposition to a motion or introduced at a hearing or during trial may retain their protected confidential status only by order of the Court in accordance with the procedures outlined in Appendix H of the Local Rules of the Northern District of Georgia.  Specifically, if a party seeks to use information designated as confidential under this protective order in filings before the Court, it is the burden of the designating party to show "good cause" to the Court why the confidential information should be filed under seal.

## I.      Motions for Temporary Restraining Order or Preliminary Injunction

Any request for a temporary restraining order or for a preliminary injunction must be made by separate motion.  See also LR 7.1A(1), NDGa.  A request for a temporary restraining order or preliminary injunction found only in the complaint will not be considered by the Court.

## J.      Motions for Summary Judgment

### 1.      Record References

All citations to the record evidence should be contained in each party's brief, not just in the party's statement of undisputed (or disputed) facts.  When filing a brief in support of or in opposition to a motion for summary judgment, the party shall simultaneously file an electronic copy of the complete transcript of each deposition referenced in the brief, and a notice of filing of the deposition transcript(s).

The party should include in the brief, immediately following the deposition reference, a citation indicating the page and line numbers of the transcript where the referenced testimony can be found.  The party should also attach to the brief a copy of the specific pages of the deposition that are referenced in the brief.  The

party should <u>not</u> attach to the brief a copy of the entire deposition transcript.  The entire deposition transcript shall be filed separately under a notice of filing original deposition transcript.

### 2.      Statement of Material Facts and Response

In addition to following the form instructions set out in LR 56.1(B), NDGa, a party responding to a statement of material facts shall copy into its response document the numbered statement to which it is responding and provide its response to that statement immediately following.  A party that chooses to reply to a response shall copy into its reply document its original numbered statement of material fact and the opposing party's response, then provide its reply to that statement immediately following.

### K.      Requests for Oral Argument on Motions

In accordance with the Court's Local Rules, motions are usually decided without oral argument, but the Court will consider any request for hearing if the party or parties requesting oral argument specify the particular reasons argument may be helpful to the Court and what issues will be the focus of the proposed argument.  Moreover, the Court shall grant a request for oral argument on a contested, substantive motion if the request states than an attorney who is less than seven (7) years out of law school will conduct the oral argument on at least one

substantial issue in the case, it being the Court's belief that young attorneys need more opportunities for Court appearances than they usually receive.

### L.    Proposed Findings of Fact and Conclusions of Law

When counsel is required to submit proposed findings of fact and conclusions of law (LR 16.4, B(25), NDGa.), in addition to electronically filing same, counsel should provide an electronic copy thereof (in Microsoft Word format) to the Courtroom Deputy Clerk, at Lisa_Enix@gand.uscourts.gov.

### M.    Proposed Orders

For all consent, unopposed, or joint motions, the filing party shall include therewith a proposed order granting the motion.

### N.    Pretrial Order

The proposed consolidated Pretrial Order shall be filed no later than thirty (30) days after the close of discovery, or entry of the Court's ruling on any pending motions for summary judgment, whichever is later, unless another specific date has been set by the Court.

The statement of contentions in the Pretrial Order governs the issues to be tried.  Plaintiff should make certain that all theories of liability are explicitly stated, together with the type and amount of each type of damage sought.  The specific actionable conduct should be set out and, in a multi-defendant case, the actionable

17

conduct of each Defendant should be identified.  Defendant should explicitly set out any affirmative defenses upon which it intends to rely at trial, as well as satisfy the above requirements with respect to any counterclaims.

Prior to listing questions which the parties request that the Court propound to the jurors concerning their legal qualifications to serve or questions which the parties wish to propound to the jurors on voir dire examination, please review the qualifying and background questions listed in Exhibits A and B to this Order that are regularly asked by the Court in all civil trials.  Please do not duplicate any of these questions in your proposed voir dire requests.

The exhibits intended to be introduced at trial shall be specifically identified. The parties shall mark their exhibits using Arabic numbers (Plaintiff's Exhibits 1 or Plaintiff Jones-1 if more than one plaintiff, for example).  The parties shall adhere to the guidelines of color coding of exhibit stickers set forth in LR 16.4, B (19)(b), NDGa.

In listing witnesses or exhibits, a party may not reserve the right to supplement their list nor may a party adopt another party's list by reference. Witnesses and exhibits not identified in the Pretrial Order may not be used during trial unless a party can establish that the failure to permit their use would cause a manifest injustice.

In preparing the Pretrial Order, each party shall identify to opposing counsel each deposition, interrogatory, or request to admit response, or portion thereof, which the party expects to or may introduce at trial, except for impeachment. All exhibits, depositions, and interrogatory and request to admit responses shall be admitted at trial when offered unless the opposing party indicates an objection to it in the Pretrial Order.

### O.   **Pretrial Conference**

The Court will conduct a pretrial conference prior to trial. The purpose of the conference is to simplify the issues to be tried and to rule on evidentiary objections raised in the pretrial order and motions in limine.

At the pretrial conference, the parties will be required to identify the specific witnesses that will be called in their case-in-chief. The Court may require the parties to bring to the pretrial conference those exhibits they plan to introduce at trial and to which there are objections, so that the Court may consider the objections thereto.

Unless otherwise directed, all motions in limine (including Daubert motions) shall be filed at least fourteen (14) days before the pretrial conference. Briefs in opposition to motions in limine should be filed at least seven (7) days before the

pretrial conference.  Unless otherwise indicated, the Court will decide motions in limine prior to or at the pretrial conference.

The attorneys for all parties are further directed to meet together by agreement, initiated by counsel for the plaintiff, no later than ten (10) days before the date of the pretrial conference to (1) discuss settlement, and (2) stipulate to as many facts and issues as possible.

**P.**   **Jury Trial**

The Court usually is in session from 9:30 a.m. until 5:00 p.m.  There will be a fifteen (15) minute recess mid-morning and again mid-afternoon, as well as a lunch break.

When the jury is in the courtroom, it is the Court's and the litigants' responsibility to use the jury's time efficiently.  If matters need to be taken up outside the presence of the jury, they should be raised during breaks or before the start of the trial day.

Voir dire will be conducted as follows.  In civil cases that are not expected to last more than one week, the Court will empanel eight jurors.  The panel from which the eight will be selected will normally consist of eighteen to twenty prospective jurors.  The Court will empanel additional jurors for cases expected to last more than one week.  The number to empanel will be determined after

receiving input from the parties.  Except in unusual circumstances, no alternates will be empaneled for civil cases.

During voir dire, the Court will briefly inform the jury of the name and nature of the case and ask a series of qualifying questions contained in the list attached as Exhibit A.  Counsel may request that additional qualifying questions be asked by the Court.  The Court will then ask each juror to verbally respond to a series of background questions that are contained in the list attached as Exhibit B. Following the qualifying and background questions asked by the Court, counsel for each side will be permitted to question the jurors collectively and/or individually using voir dire questions previously approved by the Court and to question any juror as a follow-up to that juror's previous response to a qualifying or background question.

The jury will then be excused from the courtroom for a fifteen (15) minute recess to permit counsel time to review their notes prior to striking the jury.  All challenges for cause will be heard at this time.  Prior to returning the jury to the courtroom, the Court will consider any requests by counsel to ask any brief follow-up questions to any particular juror(s).  After the Court rules on any such requests, the jury will be brought back into the courtroom.

After the Court asks any necessary follow-up questions, counsel shall strike the jury.  Each side shall be entitled to three (3) peremptory strikes.  The Courtroom Deputy Clerk will pass the peremptory strike sheet back and forth between counsel, beginning with plaintiff, and counsel will write one juror number to be stricken.  This will continue until each side has exercised its allotted strikes.  The Court will then call the names of the jurors who have been selected, and they shall take a seat in the jury box.  At this time, counsel may make motions challenging the makeup of the jury at a sidebar.  The remaining panel will be excused, and the selected jury will be sworn.

Opening statements generally are limited to twenty (20) minutes per side.  Closing arguments generally are limited to thirty (30) minutes per side.  Parties requesting more time for these presentations must seek leave of Court at the pretrial conference.

It is each party's responsibility to have enough witnesses on hand for each day's proceedings.

To assist the Court Reporter, all communications to the Court should be made before a microphone from a position at counsel table or from the lectern.  During trial, a portable microphone is available that will allow counsel to move about the courtroom.  Any witness not testifying from the witness stand must also

use a portable microphone.

Arrangements with the Courtroom Deputy Clerk for the use of chalkboards, view boxes, tripods, or other visual aids should be made sufficiently in advance so that they may be set up while court is not in session.

Exhibits must be examined and marked before trial in compliance with LR 16.4, NDGa.  Exhibits need not be shown to counsel during trial for the purpose of interposing objections or foundational inquires.  A notebook containing all exhibits should be tendered to the Courtroom Deputy Clerk prior to the start of trial, for use by the Judge on the bench during proceedings.

Because enlarged exhibits and demonstrative boards are often placed on an easel in front of the jury and thus out of the Court's view, it would be helpful if counsel, when showing such an exhibit or board to the jury, would provide the Court with a small (e.g., letter or legal-sized) copy of the exhibit or board so the Court can view its contents.

All papers intended for the Judge should be handed to the Courtroom Deputy Clerk, who will pass them to the Judge.  Counsel are not required to obtain permission from the Judge to approach a witness in order to show the witness an exhibit or other document.

Only one attorney per party may object to the testimony of a witness being

23

questioned by an opposing party.  The objection must be made by the attorney who has conducted or is to conduct the examination of the witness.

Offers or requests for stipulations should be made privately, not within the hearing of the jury.

Counsel should refrain from putting any matter before the jury in the form of a question that counsel knows or expects will be subject to an objection that is likely to be sustained.  Such matters should be taken up with the Court outside the presence of the jury.

Counsel should not ordinarily make motions in the presence of the jury. Such matters may be raised at the first recess or at sidebar.  A motion for mistrial must be made immediately, but the Court may require argument at the next recess or excuse the jury.  When making an objection, counsel shall state only the legal basis of the objections (e.g., "leading" or "hearsay") and should not elaborate, argue, or refer to other evidence unless asked to do so by the Judge.

Counsel are prohibited from addressing comments or questions to each other.  All arguments, objections, and motions should be addressed to the Court. The Court expects approximately six hours of testimony per day in jury trials and will not allow sidebar conferences or lengthy hearings outside the presence of the jury to disrupt the orderly presentation of evidence.

A single, unified set of requests to charge and proposed verdict forms are required to be filed no later than seven (7) days before the date of trial and emailed to the Courtroom Deputy Clerk in Microsoft Word format.  Where a proposed instruction is not agreed upon, the parties should indicate who is proposing the instruction and the legal basis for the instruction and for the other party's opposition to the instruction.  Counsel must use the Eleventh Circuit Pattern Jury Instructions, if applicable.  If state law applies, counsel shall use the Suggested Pattern Jury Instructions by the Council of Superior Court Judges of Georgia. Charges for which there is not a pattern charge must contain citations to the legal authorities supporting the charge requested.

**Q.**   **Courtroom Technology**

Our courtroom has various electronic equipment for use by counsel at trial. For more information on the equipment, or to schedule an opportunity to test the equipment, please contact the Courtroom Deputy Clerk.  It is the parties' responsibility to make sure they know how to use the equipment available, to have the cables necessary to hook up their equipment, and to ensure that their equipment will interface with the Court's technology.

A Court order is required to bring boxes of exhibits, electronic devices such as projectors or laptops, etc. (virtually anything necessary for use at trial) into the

courthouse.[2]  The parties should file a motion, with proposed order, detailing the

equipment they wish to bring into the courtroom.  This should be done not less

than three (3) business days prior to the hearing or trial, to allow for proper

notification to the United States Marshals Service.

**IT IS SO ORDERED** this 8th day of February, 2022.

MARK H. COHEN
United States District Judge

---

[2] Members of the Northern District of Georgia's Bar may apply for an attorney ID
card (commonly referred to as the "Blue Card").  The Blue Card will allow
approved attorneys to bring cellular telephones with cameras and some other
electronic equipment into the courthouse without a court order.  The procedure for
obtaining a Blue Card is explained on the Court's website under the "Attorney
Information" page.  Please contact the U.S. Marshals Service to clarify what
equipment attorneys are permitted to bring into court with a Blue Card.

## **QUALIFYING QUESTIONS**

1.   Does any member of the panel know or are you related to (Plaintiff's attorney)?

2.   Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by the law firm of _____?

3.   Does any member of the panel know or are you related to (Defendant's attorney)?

4.   Does any member of the panel know any employees of, or has any member of the panel or their immediate family worked for or been represented by the law firm of _____?

5.   Does anyone know or are you related to Plaintiff in the case?

6.   Does anyone know or are you related to Defendant in the case?

7.   Does anyone know any of the following individuals who may be witnesses in this case?  [Witnesses listed]

8.   Does anyone believe you know anything about this case or that you have heard anything about this case before coming to Court today?

9.   Is there any member of the panel who would not accept the law as I give it to you in my instructions even if you disagree with the law?

10.     Is there any member of the panel who has any special disability or problem that would make serving as a member of this jury difficult or impossible?

11.     Does any juror hold any belief, religious or otherwise, which discourages or prevents jury service?

Exhibit A

## **<u>BACKGROUND QUESTIONS</u>**

1.      State your name.

2.      (a)      In what city and county do you live?
        (b)      How long have you lived there?
        (c)      What was your previous county of residence and how long did you
                 live there?

3.      (a)      Are you employed?
        (b)      If so, tell us what kind of work you do—whether you work for
                 someone else or are you self-employed?
        (c)      If you work for someone else, for whom do you work?
        (d)      If you are retired, what kind of work did you do before you retired.
        (e)      Tell us briefly where else you have worked in the last twelve years.

4.      (a)      Are you married?
        (b)      If so, is your spouse employed outside the home?  If so, what kind of
                 work does your spouse do and who is your spouse's employer?

5.      (a)      Do you have children?
        (b)      If so, tell us their ages.
        (c)      If they are employed, tell us who they work for and what kind of work
                 they do.

6.      What is your educational background?

7.      Have you ever served on a jury before?  If so:
        (a)      When?
        (b)      Where?
        (c)      What type of case?
        (d)      Were you the foreperson?
        (e)      Have you ever served on a jury that deadlocked and could not reach a
                 verdict?

8.      Have you ever served on a grand jury before?

      (a)    Were you the foreperson?

9.    Did you ever serve in the military?  If so, state the branch and years of service.

10.    Have you ever been a party to a lawsuit other than a suit for divorce or child custody?

Exhibit B